Nettie Jefferson
vs.　　LawNo.55299
George W. Brown

January 27, 1926

SUMNER, J. Plaintiff has brought suit to recover damages for a violation by defendant of his covenant for quiet enjoyment. The jury brought in a verdict for the plaintiff in the sum of $1000 and defendant has filed a motion for a new trial.

The defendant leased to plaintiff a suite of rooms and appurtenances on the first floor of a house for the term of her natural life, the lessee agreeing to meet certain charges in respect to the estate. Some 14 months after the execution of the lease, the defendant practically took possession of the premises and evicted the plaintiff. The defendant claimed that the plaintiff had failed to make the payments required of her under the lease.

The Court thinks the jury were justified in bringing in a verdict for the plaintiff, but finds no justification for the amount awarded.

Cyc refers to two bases for damages in cases of this kind. In one line of cases it is the value of the land at the time of the eviction, and in the other it is the value of the land at the time of the conveyance, of which the actual consideration paid is evidence. In Point Street Iron Works vs. Mary A. Turner, 14 R. I. 122, the Court seems to have assumed that the value of the land at the time of eviction was the basis for damages with interest from the date of eviction.

The original lease recites a consideration of $375 to have been paid at the rate of $5 a month, though it is not clear that the sum was paid in one lump. Neither of the parties testified as to the actual consideration paid. The real estate men, witnesses for the plaintiff, testified that the house and land on which the demised premises were located were worth $1200 to $1500, both valuing the house at $1000. The defendant offered no testimony on that point.

If we assume that the value of the house and land is $1500, we may fix the value of the estate in fee demised by the plaintiff at $600. The present value of an estate worth $600, according to the Carlisle tables, on the basis of five per cent. at the age of 44 would be about $384. Adding 3 1-3 years' interest to this amount brings it up to $460. If we take the consideration fixed in the deed, $375, and add 3½ years' interest at six per cent., we have the sum of $460.

The Court feels that the sum of $460 would be a fair measure of damages.

Accordingly, the defendant's motion for a new trial is granted unless the plaintiff shall, in writing, within three days after the filing of this rescript remit all of the verdict in excess of $460.

For Plaintiff: A. A. Lake.
For Defendant: Joseph G. LeCount.